Filed 5/17/22  P. v. Andrade CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F082308 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F19900807, F20902043) |
| v. | |
| SHAWN CURTIS ANDRADE, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Franson, J.

Defendant Shawn Curtis Andrade pled no contest to child abuse and misdemeanor driving under the influence in Fresno County Superior Court case No. F19900807, and no contest to a lewd or lascivious act with a minor under 14 years of age and sexual battery by restraint in Fresno County Superior Court case No. F20902043 (both appealed in court of appeal case No. F082308).

As to both cases, defendant's appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.[1] (*People v. Wende* (1979) 25 Cal.3d 436.) We have conducted an independent review. Finding that no reasonably arguable legal or factual issues exist, we affirm.

## PROCEDURAL SUMMARY

On February 1, 2019, the Fresno County District Attorney filed a complaint in case No. F19900807, charging defendant with two counts of child abuse (Pen Code, § 273a, subd. (a);[2] counts 1 & 2), two misdemeanor counts of cruelty to a child by inflicting unjustifiable physical pain or mental suffering (§ 273a, subd. (b); counts 3 & 4), four misdemeanor counts of contributing to the delinquency of a minor (§ 272, subd. (a)(1); count 5–8), misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 9) and misdemeanor driving with a blood-alcohol level of .08 percent or higher (Veh. Code, § 23152, subd. (b); count 10).

---

[1]   We notified defendant that he was permitted to submit a letter to supplement the *Wende* brief with any grounds he would like the court to consider. Defendant filed no response. We also filed an order directing defendant's counsel to consider the impact of various recently enacted laws, effective after the date of filing of the *Wende* brief in this matter. Defendant's counsel filed a response, indicating that she had reviewed the record and determined that none of the new changes in law presented any arguable issues in defendant's case.

[2]   All further statutory references are to the Penal Code except as otherwise noted.

On October 20, 2020, the Fresno County District Attorney filed a first amended complaint in case No. F20902043, charging defendant with rape by use of an intoxicating substance (§ 261, subd. (a)(3); count 1), forcible oral copulation (§ 287, subd. (c)(2)(A); count 2), two counts of commission of a lewd act upon a child (§ 288, subds. (a) & (c)(1); counts 3 & 4), and misdemeanor sexual battery by restraint (§ 243.4, subd. (a); count 5).

On October 20, 2020, pursuant to a negotiated plea agreement, defendant pled no contest to counts 1 and 10 of case No. F19900807 and counts 4 and 5 of case No. F20902043. In exchange, the remaining counts and allegations in case Nos. F19900807 and F20902043 and the entire case in case No. F19902960 were dismissed on the prosecutor's motion, and the court indicated a sentence lid of six years on case No. F20902043 and a sentence lid of four years four months in case No. F19900807.

On January 14, 2021, the trial court sentenced defendant to a total term of four years four months in prison as follows: on count 4 of case No. F20902043, three years (the mitigated term); on count 5 of case No. F20902043, credit for time served; on count 1 of case No. F19900807, one year four months (one-third of the middle term), consecutive to the sentence on count 4 of case No. F20902043; and on count 10 of case No. F19900807, credit for time served.

On January 25, 2021, defendant filed a notice of appeal.[3]

On June 18, 2021, the trial court granted defendant's application, pursuant to sections 1237.1 and 1237.2, to modify presentence custody credits and restitution fines. Defendant was awarded one actual day of presentence custody credit in case No. F19900807 and 305 days of presentence custody credit in case No. F20902043. The restitution fines (§ 1202.4, subd. (b)) and parole revocation restitution fines (§ 1202.45)

---

[3]     On May 5, 2021, this court granted defendant's motion to construe the notice of appeal to be an appeal from the judgments in case Nos. F20902043 and F19900807.

imposed in both cases were corrected to reflect the court's oral pronouncement of a $600 per fine per case.

## FACTUAL BASIS

### Case No. F19900807

On the evening of January 3, 2019, defendant, who was intoxicated, drove his 14-year-old daughter and three of her friends to a liquor store and purchased alcohol for them. Defendant, his daughter, and one of her friends drank alcohol in the vehicle. Defendant's daughter convinced him that he was too intoxicated to drive, and she drove the group home.

When defendant, his daughter, and his daughter's friends returned home, defendant began serving alcoholic drinks for her and her friends. Defendant eventually became upset that his daughter did not continue to drink with him. He forced her into the garage with no shoes on and drove away.

On the same night, at approximately 10:48 p.m., officers received a call from defendant's wife that defendant was intoxicated with their 14-year-old daughter and three of her friends. As officers arrived at defendant's home, they learned that defendant had driven away in a white vehicle and hit a parked car as he left the area. About 20 minutes later, at 11:09 p.m., officers responded to a call reporting that a vehicle had crashed into a residence. When they arrived at the residence, they found defendant in the driver seat of a partially overturned vehicle.

### Case No. F20902043

In November 2018, defendant provided alcoholic drinks to a minor when they were alone together. The minor drank to the point that she felt overly intoxicated. Defendant followed the minor into a bedroom, pushed her onto a bed, and took off her clothing. The minor told defendant to stop, and he responded, " 'It's okay.' " The minor lost consciousness. When she woke up, defendant was naked and on top of her. She told

4.

him to stop but he responded, " 'no,' " and proceeded to penetrate her vaginally for approximately 30 minutes, at one point stopping to perform oral sex on her.

Defendant later approached the minor and told her not to report the incident. The minor's mother later confronted defendant regarding the incident. He made statements to the effect that the minor was lying, that the mother was " 'not going to testify,' " and that defendant was " 'not going to go down for this.' "

On January 17, 2020, the minor and her mother reported the incident to law enforcement.

## DISCUSSION

As noted above, defendant's appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asserting she could not identify any arguable issues in this case. She made the same assertion regarding the new changes in law, effective January 1, 2022. Defendant filed the notice of appeal without stating any grounds for relief. Nor did he seek a certificate of probable cause. After defendant's appellate counsel filed his *Wende* brief, by letter dated August 18, 2021, we invited defendant to inform this court of any issues he wished addressed. Defendant did not respond to our letter.

After a thorough review of the record, we agree with defendant's appellate counsel there are no arguable issues in this case. Defendant entered a plea agreement, he was sentenced to a term of imprisonment under the indicated lid, and the remainder of the terms were complied with by both parties. He was fully advised of the consequences of his plea, and he waived his constitutional rights. The trial court corrected the presentence custody credit and restitution fine errors on defendant's request. There is nothing in this record to suggest any error occurred.

## DISPOSITION

The judgment is affirmed.